## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

SUMMONS

MATTHEW DILS,
  Plaintiff,

v                                        NO. _3-203-19_

WAL-MART STORES INC., and
THE COCA-COLA COMPANY,
  Defendants.

You are hereby summoned and required to serve upon Lance A. Evans, Plaintiff's attorney, whose address is 5029 Pea Ridge Road, Maryville, TN 37804, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this the _3ᵃᵒ_ day of _June_, 2019.

_____          _____
CLERK                                  DEPUTY CLERK

### NOTICE

To the defendant(s):

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant, **The Coca Cola Company**, can be served at CT Corporation Systems, 800 South Gay Street, Suite 2021, Knoxville, TN 37929.

### RETURN

I received this summons on the _____ day of _____ , 2019.

I hereby certify and return that on the _____ day of _____ , 2019, I:

[  ] served [  ]failed to serve    the Complaint and Summons in the following manner: _____

_____

_____

_____

_____
Process Server

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY:   865 / 215-2497

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE
### SUMMONS

MATTHEW DILS,
  Plaintiff,

v                                    NO. 3-203-19

WAL-MART STORES INC., and
THE COCA-COLA COMPANY,
  Defendants.

You are hereby summoned and required to serve upon Lance A. Evans, Plaintiff's attorney, whose address is 5029 Pea Ridge Road, Maryville, TN 37804, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this the _____3rd_____ day of ___June___, 2019.

___Chuck D Susano III___                    ___Chris Alley___
CLERK                                        DEPUTY CLERK

### NOTICE

To the defendant(s):
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time
and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant **Wal-Mart Stores, Inc.**, can be served at CT Corporation Systems, 300 Montvue Road, Knoxville, TN 37929.

### RETURN

I received this summons on the _____ day of _____, 2019.
I hereby certify and return that on the _____ day of _____, 2019, I:
[  ] served [  ] failed to serve    the Complaint and Summons in the following manner: _____

_____

_____

_____

Process Server

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY:   865 / 215-2497

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE 3 PM 2:49

MATTHEW DILS,
  Plaintiff,

v               NO. _3-203-19_

WAL-MART STORES INC., and
THE COCA-COLA COMPANY,
  Defendants.

COME NOW, Plaintiff Matthew Dils, by and through his attorneys, and brings this complaint for damages against Wal-Mart Stores, Inc, and The Coca-Cola Company, and avers as follows:

## JURISDICTION

1. At all times mentioned herein, the Plaintiff was and is a resident of Knox County, Tennessee.

2. Upon information and belief, at all times mentioned herein, Defendants, Wal-Mart Stores, Inc, a public corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and is properly registered to do business in the State of Tennessee and has been doing business at 8445 Walbrook Drive, Knoxville, TN 37923.

3. Upon information and belief, at all times mentioned herein, Defendant, The Coca-Cola Company, a public corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and is properly registered to do business in the State of Tennessee and has been doing business at 8445 Walbrook Drive, Knoxville, TN 37923.

## **GENERAL ALLEGATIONS**

4. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

5. At all times mentioned herein, particularly on October 23, 2018, the Defendant, Wal-Mart Stores Inc. (hereinafter "Wal-Mart"), owned, operated, controlled and maintained the property, a store, located at 8445 Walbrook Drive, Knoxville, TN 37923. At all times mentioned herein, the

Defendant, Wal-Mart Stores Inc. (hereinafter "Wal-Mart"), its agents or employees operated, controlled and maintained shelving units or storage racks in the Wal-Mart store located at 8445 Walbrook Drive, Knoxville, TN 37923.

6. At all times mentioned herein, particularly on or about October 23, 2018, the Defendant The Coca-Cola Company (hereinafter "Coca-Cola") owned (or alternatively leased), and its agents or employees operated, controlled and maintained some shelving units or storage racks in the Wal-Mart store located at 8445 Walbrook Drive, Knoxville, TN 37923.

7. On or about October 23, 2018, Plaintiff went into the Wal-Mart store at 8445 Walbrook Drive, Knoxville, TN 37923.

8. While shopping, Plaintiff removed to purchase two 2 liter bottles of Dr Pepper from a storage / display rack when suddenly and unexpectedly, the entire rack loaded with 2 liter bottles of Dr Pepper slid off the shelf upon which the storage rack was sitting violently striking Plaintiff.

9. Plaintiff was struck directly in the area of his right arm and shoulder with such force as to immediately cause severe injury to his labrum which required surgery and physical therapy which is ongoing. Plaintiff also suffered injury to his neck and spine which required therapeutic treatment.

10. Wal-Mart is responsible for Plaintiff's injuries as the owner of the building within which Plaintiff was injured, because they and/or their agents or employees failed to properly install, secure, supervise or cause the improper installation of, the storage racks that displayed the Dr Pepper that injured Plaintiff.

11. Coca-Cola is responsible for Plaintiff's injuries because they and/or their agents or employees failed to properly install, secure, supervise or cause the improper installation of, the shelving and / or storage racks that displayed the Dr. Pepper that injured Plaintiff.

12. As a direct and proximate result of being struck by the falling storage rack, Plaintiff suffered severe damage to his spine, neck and shoulder and in particular his labrum such that surgery and extensive therapy is required.

13. As a result of the trauma to his upper body, Plaintiff continues to have severe pain and suffering.

14. Plaintiff's injuries continue to prevent him from maintaining his employment in the same manner as he had previously been able to do, causing lost earnings, a loss of earning capability and other damages.

15. As a result of Plaintiff injuries, Plaintiff has sustained a loss of earning capability and damages in excess of $1,000,000.00.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

16. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

17. The Defendants owed Plaintiff a duty of care in selecting, installing, affixing and securing, maintaining and inspecting the shelving and storage racks that held the Dr Pepper that caused Plaintiff's injuries (hereinafter "shelving and storage racks").

18. The Defendants' improper design, construction, manufacture and/or installation of the shelving and storage racks was a substantial factor in causing the injuries sustained by Plaintiff.

19. The Defendants' improper design, construction, manufacture and/or installation of the shelving and storage racks created an unreasonably dangerous condition which eventually caused injury to Plaintiff.

20. The Defendants' improper design, construction, manufacture and/or installation of the shelving and storage racks was a defect when the Defendants completed construction, manufacture and/or installation of the shelving and storage racks, such that the shelving and storage racks could not be safely used in the manner and for the purpose for which it was intended.

21. The Defendants breached their standard and duty of care to Plaintiff, including, without limitation, by failing to ensure that the shelving and storage racks at their facility were safe and

secure, which breach led to their shelving and storage racks suddenly sliding and falling directly upon Plaintiff.

22. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered severe and serious personal injuries. The full nature and extent of Plaintiff' injuries are still unknown and when the same are ascertained, Plaintiff will assert them with particularity.

23. It was foreseeable to Defendants that, if the storage racks loaded with Dr Pepper which had been installed should slide of and hit a person, it could cause serious injuries to persons below said storage racks.

24. Plaintiff have been required to engage the services of various medical providers, including obtaining emergency medical attention where he resides, to care for and treat his injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused his pain and suffering, as well as lost income.

25. Plaintiff has, since the incident on or about October 23, 2018, experienced pain and suffering, and will continue to endure future pain and suffering all to his general damages in an amount in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE via RES IPSA LOQUITUR)

26. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

27. The Defendants owed Plaintiff a duty to exercise due care in providing a safe place for Plaintiff to shop, and failed to meet this duty, and said actions and omissions as described above, were a breach of the Defendants' duty of care.

28. Getting hit in the upper body by heavy shelving and storage racks while shopping does not ordinarily occur in the absence of someone's negligence.

29. The Defendants held the exclusive control of the shelving and storage racks which fell upon Plaintiff.

30. Plaintiff did nothing to cause the shelving and storage racks to fall upon him.

31. As a direct and proximate result of the foregoing negligence and carelessness of the Defendants, Plaintiff has suffered severe and serious personal injuries, and the Defendants are liable for the same under the doctrine of *res ipsa loquitur*. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert them with particularity.

32. Plaintiff have been required to engage the services of various medical providers, including obtaining emergency medical attention where he resides, to care for and treat his injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused his pain and suffering, as well as lost income.

33. Plaintiff have, since the incident on October 23, 2018, experienced pain and suffering, and will continue to endure future pain and suffering all to their general damages in an amount in excess of $1,000,000.00.

## THIRD CAUSE OF ACTION
### (NEGLIGENCE via STRICT LIABILITY)

34. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

35. Inviting business customers to access shelving and storage racks when said shelving and storage racks are not properly secured is an ultra-hazardous activity for which the Defendants are strictly liable to any party who suffers any damage as a result of the same, regardless of fault. Plaintiff did not have any knowledge of the dangers involved when he accessed the shelving and storage racks.

36. The Plaintiff was injured and suffered damages, as described above, due to the above-described events when the storage rack fell on him, for which the Defendants, and each of them, are strictly liable to the Plaintiff, regardless of fault.

37. As a direct and proximate result of the foregoing, Plaintiff has suffered severe and serious personal injuries, and the Defendants are strictly liable for the same. The full nature and extent of Plaintiff' injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert them with particularity.

38. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention to care for and treat his injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused his pain and suffering, as well as lost income.

39. Plaintiff have, since the incident on or about October 23, 2018, experienced pain and suffering, and will continue to endure future pain and suffering, all to his general damages.

WHEREFORE, the Plaintiff, expressly reserving his right to amend his Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against the Defendants for each cause of action as follows:

PREMISES CONSIDERED, Plaintiff prays:

1. That proper process issue and be served upon the Defendants requiring them to appear and answer this Complaint within the time required by law.

2. That Plaintiff be awarded $1,000,000.00 in compensatory damages;

3. For lost wages according to proof;

4. For interest at the legal rate;

5. That Plaintiff be awarded as yet an undetermined sum for the court costs, and other out-pocket-expenses incurred by Plaintiff.

6. That the Plaintiff have all such other, further and general relief to which he may be entitled.

_(signature)_

LANCE A. EVANS, BPR NO. 016450
Attorney for Plaintiff
5029 Pea Ridge Rd.
Maryville, TN 37804
(865) 681-1901

_(signature)_

ANDREW O. BEAMER, BPR NO. 028791
Attorney for Plaintiff
707 Market Street
Knoxville, TN 37902
(865) 850-9029

STATE OF TENNESSEE     )
COUNTY OF _Blount_     )

    I, Matthew Dils, being first duly sworn, with his signature below and with proper proof of identification, makes oath that he has read the forgoing, knows the contents thereof, and that the same is true and correct to the best of his personal knowledge, information, and belief.

_(signature)_

Matthew Dils

Sworn and subscribed before me, by Matthew Dils on the ___2___ day of ~~May,~~ _June_ 2019.

_(signature)_

Notary Public
My Commission Expires: _3 - 01 - 2023_

## COST BOND

    KNOW ALL PERSONS BY THESE PRESENTS that Matthew Dils as principal, and Lance A. Evans and Andrew O. Beamer, as Sureties are held and firmly bound unto the Circuit Court of Knox County, Tennessee for the maximum penal sum as allowed by law for payment for all costs that are adjudged against the principal in this matter of which we bind ourselves, our heirs, executors, and administrators firmly by these presents.

_(signature)_

Lance Evans

_(signature)_

Andrew O. Beamer

_(signature)_

Matthew Dils, principal